IN THE UNITED STATES DISTRICT COURT
STATE OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony Delgrosso, | Case No.: 3:25-cv-08126-MGL |
| Plaintiff, | |
| vs. | |
| | COMPLAINT |
| The United States of America, | |
| Defendant. | |

The Plaintiff, by and through his undersigned counsel, and complaining of the Defendant herein, respectfully alleges as follows:

1. Plaintiff Anthony Delgrosso is a citizen and resident of Richland County, State of South Carolina.

2. The Defendant, United States of America, is the proper party in this matter. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. § 2671 to § 2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. § 1346(b)(1) and § 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of agents and/or employees of the United States of America, including, but not limited to, agents and employees of the Fort Jackson Golf Club located in Richland County, U.S. Army Training Center and Fort Jackson, South Carolina.

3. This Federal District Court has jurisdiction of this case, because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680 et seq.,

commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims Act litigation in the Federal District Court.

4. Plaintiff has exhausted his administrative remedies as contemplated in 28 U.S.C. § 2675(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as the United States is a Defendant and a substantial part of the events or omissions giving rise to this cause of action occurred in this district at the Defendant's Fort Jackson Golf Club located in Richland County, U.S. Army Training Center and Fort Jackson, South Carolina.

6. The United States of America, at all times material hereto, owned, operated, and controlled the facility known as the Fort Jackson Golf Club in the U.S. Army Training Center and Fort Jackson, South Carolina. The care of the facility at Fort Jackson Golf Club was undertaken by agents, servants, and/or employees of the Defendant.

**GENERAL FACTUAL ALLEGATION APPLICABLE TO ALL CLAIMS**

7. On August 20, 2022, the Plaintiff was playing golf on the Wildcat course at the Fort Jackson Golf Club.

8. At the 16th hole of the Wildcat course, the tee boxes are separated from the fairway by a hazard that is unplayable if a ball lands in it. A wooden bridge (as highlighted in red below) crosses over the hazard and connects the tee boxes to the fairway.

9. Plaintiff began pushing his pushcart over the wooden bridge when a wooden board on the bridge collapsed under the Plaintiff. The Plaintiff's left lower extremity fell through the board.

10. Plaintiff picked himself up and inspected the board, noticing it was rotten and soft.

11. Plaintiff reported the incident and issue to the Fort Jackson Golf Club.

12. As a result of the fall, Plaintiff sustained injuries resulting in a meniscus tear in his left knee.

13. Upon information and belief, the bridge's condition was known or should have been known to the Fort Jackson Golf Club.

14. Because of the Defendant's failure to detect the dangerous condition, the Plaintiff suffered injuries.

15. But for the Defendant's negligence and reckless disregard for the serious hazard their actions created, the Plaintiff would not have suffered a meniscus tear in his left knee.

### FOR A FIRST CAUSE OF ACTION
**(Negligence and Gross Negligence)**

16. Plaintiff re-alleges the allegations in Paragraphs 1-15 as if fully set forth herein and stated verbatim.

17. Upon information and belief, Defendant exercised control over the wooden bridge and was required to maintain the wooden bridge.

18. Upon information and belief, the hazard was known, or should have been known, to the Defendant, their agents, employees, or servants, as the condition of the bridge was created through their own acts or omissions.

19. The Defendant had a duty of care to the public traversing the golf courses when their actions or omissions created the hazard and when their actions or omissions maintained the unreasonable risk of harm in the Plaintiff's lawful use of the premises.

20. The Defendant, through their agents, servants, or employees, knew or should have known of the existence of this hazard on the wooden bridge on the premises required to maintain as they were instrumental in creating the hazard and failed to exercise due care in allowing the condition to exist.

21. Defendant had a duty to warn of dangerous conditions on the bridge which were known or should have been known to the Defendant.

22. Defendant had a duty to eliminate unsafe conditions on the wooden bridge which were known or should have been known to the Defendant.

23. Defendant's negligent acts, omissions, and liability include those of their agents and servants, both directly and vicariously, pursuant to principles of vicarious liability and/or respondeat superior.

24. As a result of the reckless, negligent, heedless, willful and wanton acts of commission and/or omission on the part of the Defendant, through their agents, servants, or employees, or by some other person with the Defendant's knowledge, permission, and/or direction, the Plaintiff was caused to fall and receive injuries as set forth in this Complaint; that as a result of the injuries he was caused to be sick, lame, and disabled; that as a result of the injuries he suffered extreme and excruciating pain; and, that as a result of the injuries he suffered a meniscus tear in his left knee and has permanent injury as a result therein.

25. The injuries and damages suffered by Plaintiff are directly and proximately caused by the following acts of negligence on the part of the Defendant, through their agents, servants, and employees:

   a. In failing to properly maintain the wooden bridge where the public travels after creating or allowing a hazard to continue;

   b. In failing to take any action to protect the public, in particular the Plaintiff, from falling through a soft and rotten wooden board;

   c. In failing to exercise ordinary care to keep the wooden bridge in a reasonably safe condition;

   d. In failing to warn the public of the dangerous conditions that existed upon the wooden bridge which were created through acts or omissions by the Defendant and which were known to the Defendant or which reasonably should have been known to the Defendant;

   e. In failing to exercise the degree of care which a reasonable person would have exercised under the same or similar circumstances;

   f. In failing to properly restore and concrete the hazardous area and allowing the rotten board to become a hazard;

   g. In allowing the wooden bridge to remain in a dangerous condition thereby making the wooden bridge unfit for passage for an unreasonable length of time;

   h. In failing to warn the public of the aforesaid hazardous conditions; and,

   i. In other such particulars as will be demonstrated at trial.

26. The above set forth incident and Plaintiff's resulting injuries and damages were proximately caused by one, more, or all of the above set forth acts and/or omissions on the part of Defendant and, as a result of the same, Plaintiff was caused to fall and he received injuries as set forth in this Complaint; that as a result of the injuries he was caused to be sick, lame, and disabled; that as a result of the injuries he suffered extreme and excruciating pain; and that as a result of the injuries he suffered a meniscus tear in his left knee resulting in permanent injury, and in other particulars as will be demonstrated at trial.

WHEREFORE, Plaintiff is entitled to recover actual and consequential damages as well as any other relief this Court and jury deem appropriate to compensate him for the economic and non-economic damages he suffered as a direct and proximate cause of Defendant's negligence.

Respectfully submitted,

s/ Allison P. Sullivan
Allison P. Sullivan (Fed. ID # 10480)
BLUESTEIN ATTORNEYS
P.O. Box 7965
Columbia, SC 29202
Telephone: 803-779-7599
Fax: 803-771-8097
allison@bluesteinattorneys.com

July 22, 2025
Columbia, South Carolina	ATTORNEY FOR PLAINTIFF